AO 91 (Rev. 11/11) Criminal Complaint C&W# 16-053

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 16-624-M |
| MATTHEW SIMINERI | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___see attached affidavit___ in the county of ___Philadelphia___ in the ___Eastern___ District of ___Pennsylvania___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2422(b) | Use of an interstate commerce facility to entice a minor to engage in sexual conduct |
| 18 U.S.C. 2251(a) | Using a Child to Pose for Images of Child Pornography |

See Attachment A.

This criminal complaint is based on these facts:
See attached Affidavit

☐ Continued on the attached sheet.

*Complainant's signature*

BENJAMIN JACOBS, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/19/2016

*Judge's signature*

City and state: Phila., PA

MARILYN HEFFLEY, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Count One – Use of an Interstate Commerce Facility to Entice a Minor to Engage in Sexual Activity – 18 U.S.C. 2422(b)

From on or about December 5, 2015, through on or about December 27, 2015, defendant MATTHEW SIMINERI used a facility and means of interstate and foreign commerce, that is, the Internet and cell phone service, to persuade, induce, entice and coerce Minor #1, a person whom SIMINERI believed was a minor child under the age of 18 years, to engage in sexual activity, for which any person could be charged with a criminal offense, and attempted to do so, that is, manufacture child pornography, in violation of 18 U.S.C. §2251(a).

### Count Two – Use of a Child to Pose for Images of Child Pornography – 18 U.S.C. § 2251(a)

On or about December 5, 2015, in Bangor, in the Eastern District of Pennsylvania, defendant MATTHEW SIMINERI, knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and defendant SIMINERI knew and had reason to know that the visual depiction would be transported or transmitted using a facility of interstate and foreign commerce (that is, the Internet, and cell phone service) and in and affecting interstate and foreign commerce, and the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Benjamin M. Jacobs, a Special Agent with the Federal Bureau of Investigation ("FBI"), Philadelphia Division, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI for over 5 years. While employed by the FBI, I have investigated federal criminal violations including the FBI's Innocent Images National Initiative which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI Academy, training at the Innocent Images Unit of the FBI, various conferences involving Innocent Images and Crimes Against Children, and everyday work related to conducting these types of investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is being made in support of an application for a complaint and warrant for the arrest of MATTHEW SIMINERI.

4. The statements in this Affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that MATTHEW SIMINERI committed violations of Title 18, United States Code, Sections 2422(b) and 2251(a).

## LEGAL AUTHORITY

5. Title 18 United States Code, Section 2422 prohibits a person from using any means of interstate commerce, that is, the Internet and cell phone service, to knowingly persuade, induce, entice, or coerce any minor under the age of 18 years to engage in any sexual

1

activity for which any person can be charged with a criminal offense, or attempting to do so.

6.      Title 18 United States Code, Section 2251(a) prohibits any person from knowingly employing, using, persuading, inducing, enticing, or coercing any minor, or aiding and abetting a minor, or soliciting a minor, or attempting to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if the person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, including by the Internet, if that visual depiction was produced or transmitted using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or if the visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

## INVESTIGATIVE RESULTS

7.      On December 27, 2015, Spokane County Sheriff's Office ("SCSO") in Spokane, Washington, was notified by the mother of the 9-year old victim ("Minor#1") that Minor #1 had been involved in sexual conversation over the Internet via a cell phone application called Meow Chat with a person who identified himself as MATTHEW SIMINERI. From the conversations the mother believed that SIMINERI was an adult.

8.      The mother stated that Minor #1 had her own electronic tablet that she uses to attempt to converse online with other children of her own age. Minor #1 suffers from a form of autism that makes it hard to communicate with other children on a face-to-face basis.

9.      On January 5, 2016, per consent by the mother, SCSO conducted a forensic examination on Minor #1's electronic tablet, which revealed numerous chat sessions

2

between Minor #1 and defendant MATTHEW SIMINERI, including the summarized conversations and exchanges of photographs and videos that follow hereto.  The initial online conversation between SIMINERI and Minor #1 began on December 5, 2015 and continued through December 27, 2015, when the chats were discovered by Minor #1's adult sister.

      a.      On December 5, 2015, SIMINERI initiated contact with Minor #1 by asking her what she looked like and telling her to take a picture of herself.  Minor #1 sent a picture showing her face.  SIMINERI told her she was pretty, immediately started calling her "Babe," and asked if she wanted to be his girlfriend.  SIMINERI asked Minor #1 how old she was, to which Minor #1 replied that she was 17 years old, which was false as Minor #1 was just 9 years old.  SIMINERI told her he was 20 years old and from Pennsylvania.  SIMINERI then turned the conversation to sexual activity, and asked Minor #1 if she would be horny with him, and if she would "exchange nudes with me."

      b.      SIMINERI told Minor #1 that he needed to "jerk off" and directed her to send him a "nude now baby…I'll show you my hard cock."  Minor #1 then sent SIMINERI a picture of her exposed and underdeveloped 9-year old breasts.  SIMINERI asked Minor #1 if he could see her vagina.  Minor #1 responded by sending SIMINERI a picture of her vagina, and SIMINERI replied by sending a picture of his penis with the words, "There's mine."  Your Affiant examined these pictures of Minor #1 and in your Affiant's opinion, it is clear she is a female of pre-pubescent age, nowhere near the 17 year old girl that Minor #1 advised she was.

3

c. SIMINERI continued the conversation by asking Minor #1, "Hey baby why are your tits so small? Are you really 17?" Minor #1 replied that "there small cuz I had surgery on em cuz they were to big so doctors gave me a shot." SIMINERI told Minor #1 that he liked her breast size.

d. Further online conversation is had between SIMINERI and Minor #1 where SIMINERI requested videos and images of Minor #1's exposed vagina and breasts. On December 5, 2015, SIMINERI asked Minor #1 to send him a video of her urinating, and to make sure she shows her vagina. Minor #1 sent him two videos, one without her vagina exposed and one with her vagina exposed (Minor #1 is sitting on the toilet with her vagina exposed). SIMINERA told Minor #1 that he wanted to see "piss coming out of your vagina." Also on December 5, 2015, SIMINERI directed Minor #1 to send him a video "of you fingering yourself baby." Minor #1 responded by asking, "Like fingering what?" to which SIMINERI explained, "Your vagina baby…And moan in it if you can please babe." Minor #1 then sent SIMINERI a video of her masturbating (Minor #1 is shown masturbating, but her hand obstructs the view of her vagina. Heavy breathing can be heard).

e. On December 6, 8, and 9, 2015, similar videos and images were made by Minor #1 at SIMINERI's request and sent to SIMINERI, to include close-ups of Minor #1's breasts, vagina, her urinating, and defecating. SIMINERI also requested that Minor #1 insert a hairbrush in her vagina and send him the images. On December 9, SIMINERI appeared to be upset with Minor #1 because she had not answered him, and messaged her saying, "Answer me bitch," He again

4

ordered Minor #1 to make a video of herself, "do it right now," "video of you stripping (the way I like you do it of course) and then the hairbrush in your vagina got it?" Minor #1 then sent SIMINERI a video of her masturbating with the hairbrush (Minor #1 is standing over the camera and placing the handle of a hairbrush into her vagina). SIMINERI then asked for the "stripping one," and Minor #1 responded by sending him a video of herself naked from the waist down (Minor #1 is standing in front of a toilet wearing a pink bra, then the camera pans down to show her exposed vagina). SIMINERI asked Minor #1 if she moaned. Minor #1 stated that she did not, and he asked her to do it again. Minor #1 then sent SIMINERI another video. Minor #1 sent three videos of her masturbating with the hairbrush handle. SIMINERI responded, "It's good enough baby thanks."

f.   Later that same day, December 9, 2015, SIMINERI confronted Minor #1 and told her to prove that she is 17 years old. Minor #1 then told SIMINERI she was 11 years old, to which SIMINERI replied, "I fucking knew it. You know I can go to jail. Why weren't you honest with me?"

g.   From December 9, through December 27, 2015, despite being told that Minor #1 was just 11 years old, SIMINERI continued to communicate via Meow Chat with Minor #1. The communications were sexual in nature, with SIMINERI berating Minor #1 for not taking sexual pictures of her mother, as SIMINERI had repeatedly directed her to do, or finding a friend who was Minor #1's own age to engage in sexual activity with, photograph it and send it to SIMINERI. Numerous times he threatened to "leave" Minor #1 because she would not do

5

what he wanted, and only relented and agreed to keep talking to her when Minor #1 agreed to engage in the type of sexual play that SIMINERI wanted.

 h. During their conversations on December 27, 2015 Minor #1 asked SIMINERI to forgive her, and SIMINERI stated, "I'm not mad just do whatever I want you to do." SIMINERI asked Minor #1 to send pictures of Minor #1's mother's bras. SIMINERI stated that if Minor #1 gets caught to "Tell her I'm your age and I'm curious." Minor #1 requested that SIMINERI send pictures to her. SIMINERI then asked Minor #1 if she wants pictures "of me or my dick?" The conversation continued, and SIMINERI asked again if she wanted 11 pictures, and "How many nudes? How many of me?"

 i. Moments later, Minor #1's 25-year old sister discovered the on-going communications, and the conversations ceased between SIMINERI and Minor #1. SIMINERI pleaded with the sister not to "do anything," and asked her to forgive him. SIMINERI also stated that "I'm stupid and I shouldn't have done it please don't do anything about it."

10. Records obtained from the Pennsylvania Department of Transportation ("PennDOT"), Meow Chat, and Yahoo, as well as other sources and investigation led to the confirmation of the identity of MATTHEW SIMINERI.

11. On May 16, 2016, the Honorable Henry S. Perkin, Magistrate Judge for the Eastern District of Pennsylvania, issued a federal search warrant under Magistrate Number 16-608-M for SIMINERI's residence at 1903 W. Bangor Road, Bangor, Pennsylvania 18103.

12. On May 19, 2016, the search warrant was executed at SIMINERI's home. In addition to numerous other pieces of electronic equipment, SIMINERI's iPhone 6 was also

seized. A preliminary examination confirmed that SIMINERI had installed the Meow Chat application on his phone. The full forensic examination of all of the seized equipment is pending.

13. At the time of the execution of the search warrant FBI agents also approached defendant SIMINERI. He was advised of his Miranda Rights by FBI agents and waived his rights, evidencing his waiver by executing a written form. SIMINERI was then interviewed and confessed to corresponding with Minor #1 using Meow Chat. SIMINERI admitted that he suspected she was underage before he even saw her picture, as her profile icon was of a unicorn. When Minor #1 first sent him pictures he knew she was much younger than the 17 years old she purported to be just from her face, but he requested nude photos of her anyway. From those nude photos, which SIMINERI received that first day of communications, SIMINERI also admitted that he knew she was underage. SIMINERI nonetheless continued to engage in sexual conversations and activity with this child, and continued to request sexually explicit pictures from Minor #1, because he was "horny."

14. SIMINERI was shown a hard copy of the chats between him and Minor #1 from December 5 to December 27, 2015, some of which have been outlined above in this affidavit, and he acknowledged that those were his communications with the victim. SIMINERI signed the hard copies of the chats to evidence that they were his.

## CONCLUSION

Based upon the information above, I respectfully submit that there is probable cause to believe that MATTHEW SIMINERI did knowingly persuade, induce, entice, or coerce any minor under the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, in this case, manufacturing child pornography in violation of 18

U.S.C. § 2251(a), in violation of 18 U.S.C. § 2422(b), and did use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, in violation of 18 U.S.C. § 2251(a).

_____
BENJAMIN JACOBS
Special Agent, Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME
THIS 19TH DAY OF MAY 2016.

_____
HONORABLE MARILYN HEFFLEY
United States Magistrate Judge