IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAG. NO. 16-624-M |
| MATTHEW SIMINERI | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Matthew Simineri stands before this Court charged in a federal indictment with crimes involving the enticement of a 9 year old autistic child to engage in illicit sexual activity, and manufacturing sexually explicit images. His crimes carry significant penalties, both by the mandatory minimum terms he must serve and by the sentencing guidelines range of at least 292 to 365 months' imprisonment upon conviction. Both crimes also carry a presumption that no condition or combination of conditions will reasonably assure his appearance as required and/or the safety of the community, and the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f)(1)(E) for a detention hearing and pretrial detention of the defendant.

**I.   FACTUAL BACKGROUND OF INVESTIGATION**

On December 27, 2015, the Spokane County Sheriff's Office ("SCSO") in Spokane, Washington, was notified by the mother of the 9-year old victim ("Minor#1") that Minor #1 had been involved in sexual conversation over the Internet via a cell phone application called Meow Chat with a person who identified himself as Matthew Simineri. Minor #1 had her own electronic tablet that she used to attempt to converse online with other children of her own age, as she suffers from a form of autism that makes it hard to communicate with other children on a face-to-face basis.

On January 5, 2016, a forensic examination was conducted on Minor#1's electronic tablet,

which revealed numerous chat sessions between Minor #1 and defendant Simineri from December 5, 2015 through December 27, 2015.

On December 5, 2015, Simineri initiated contact with Minor #1 by asking her what she looked like and telling her to take a picture of herself.   Minor #1 sent a picture showing her face. SIMINERI told her she was pretty, immediately started calling her "Babe," and asked if she wanted to be his girlfriend.   Simineri asked Minor #1 how old she was, to which Minor #1 replied that she was 17 years old, which was false as Minor #1 was just 9 years old.   Simineri told her he was 20 years old and from Pennsylvania.   Simineri then turned the conversation to sexual activity, and asked Minor #1 if she would be horny with him, and if she would "exchange nudes with me." SIMINERI told Minor #1 that he needed to "jerk off" and directed her to send him a "nude now baby…I'll show you my hard cock."   Minor #1 then sent Simineri a picture of her exposed and non-developed 9-year old chest.   After receiving that picture Simineri asked Minor #1 if he could see her vagina, and Minor #1 responded by sending a picture of her vagina. The pictures of the victim's face, non-existent breasts, and vagina clearly show that her development was consistent with the 9 year old child that she was, nowhere near a 17 year old girl.

Nonetheless, Simineri replied by sending a picture of his penis with the words, "There's mine."   Simineri continued the conversation by asking Minor #1, "Hey baby why are your tits so small?  Are you really 17?"   Minor #1 replied that "there small cuz I had surgery on em cuz they were to big so doctors gave me a shot."   Simineri told Minor #1 that he liked her breast size.

That same day, December 5, 2015, Simineri asked Minor #1 to send him a video of her urinating, and to make sure she showed her vagina.   Minor #1 sent him two videos, one without her vagina exposed and one with her vagina exposed (Minor #1 is sitting on the toilet with her

- 2 -

vagina exposed).   Simineri told Minor #1 that he wanted to see "piss coming out of your vagina." Also on December 5, 2015, SIMINERI directed Minor #1 to send him a video "of you fingering yourself baby."   Minor #1 responded by asking, "Like fingering what?" to which Simineri explained, "Your vagina baby…And moan in it if you can please babe."   Minor #1 then sent Simineri a video of her masturbating (Minor #1 is shown masturbating, but her hand obstructs the view of her vagina.   Heavy breathing can be heard).

On December 6, 8, and 9, 2015, Simineri made continued, similar requests for sexually explicit videos and images, and the victim sent him close-ups of her breasts and vagina, and images of her urinating and defecating.   Simineri also repeatedly requested that Minor #1 insert a hairbrush in her vagina and send him the images. The victim attempted to explain that she had a condition that made her feel pain more intensely than other people, and asked him not to make her use the hair brush, but Simineri's commands only became more forceful.   On December 9, 2015, just four days after he first made contact with this child, Simineri berated her by saying, "Answer me bitch," and ordering her to make a "video of you stripping (the way I like you do it of course) and then the hairbrush in your vagina got it?"

The victim ultimately gave in and sent Simineri a video of her masturbating with the hairbrush (Minor #1 is standing over the camera and placing the handle of a hairbrush into her vagina).   Simineri then asked for the "stripping one," and Minor #1 responded by sending him a video of herself naked from the waist down (Minor #1 is standing in front of a toilet wearing a pink bra, then the camera pans down to show her exposed vagina).   Simineri asked Minor #1 if she moaned.   Minor #1 stated that she did not, and he asked her to do it again.   Minor #1 then sent Simineri another video.   Minor #1 sent three videos of her masturbating with the hairbrush

handle.  Simineri responded, "It's good enough baby thanks."  Later that same day, December 9, 2015, Simineri told Minor #1 to prove that she was 17 years old.  The victim told Simineri that she was 11 years old, to which he replied, "I fucking knew it.  You know I can go to jail.  Why weren't you honest with me?"

From December 9, 2015 through December 27, 2015, despite being told that the victim was just 11 years old, Simineri continued to communicate with her on Meow Chat.  The communications were sexual in nature, with Simineri berating Minor #1 for refusing to take sexual pictures of her mother, as Simineri had repeatedly directed her to do, or for refusing to find a friend her own age to engage in sexual activity with, photograph it and send it to Simineri.  Numerous times he threatened to "leave" Minor #1 because she would not do what he wanted, and only relented and agreed to keep talking to her when the child agreed to engage in the type of sexual play that Simineri wanted.

During their conversations on December 27, 2015 Minor #1 asked Simineri to forgive her, and he stated, "I'm not mad just do whatever I want you to do."  Simineri asked Minor #1 to send pictures of Minor #1's mother's bras.  Simineri stated that if Minor #1 gets caught to "Tell her I'm your age and I'm curious."  Minor #1 requested that Simineri send pictures to her, and he asked whether she wanted pictures of "me or my dick?"  The conversation continued, and Simineri asked again if she wanted pictures, and "How many nudes?  How many of me?"  Moments later, the victim's 25-year old sister discovered the on-going communications, and the conversations ceased.  Simineri pleaded with the sister not to "do anything," and asked her to forgive him, and stated that "I'm stupid and I shouldn't have done it please don't do anything about it."

Records obtained from the Pennsylvania Department of Transportation ("PennDOT"),

Meow Chat, and Yahoo, as well as other sources and investigation led to the confirmation of the identity of defendant Matthew Simineri.   On May 16, 2016, a federal search warrant was issued for Simineri's residence at 1903 W. Bangor Road, Bangor, Pennsylvania 18103.   The warrant was executed on May 19, 2016.   There were numerous pieces of electronic and computer equipment found in the home at the time of the execution of the search warrant, including a Smart TV from the defendant's bedroom, a Sony Playstation, a Wii, 4 tablets, and 5 smart phones, as well as laptops and computers from other family members.   Agents also seized Simineri's iPhone 6.   A preliminary examination confirmed that Simineri had installed the Meow Chat application on his phone.   The full forensic examination of all of the seized equipment is pending.

At the time of the execution of the search warrant FBI agents also approached defendant Simineri.   He was advised of his Miranda Rights by FBI agents and waived his rights, evidencing his waiver by executing a written form.   Simineri was then interviewed and confessed to corresponding with Minor #1 using Meow Chat.   Simineri admitted that he suspected she was underage before he even saw her picture, as her profile icon was of a unicorn.   When the victim sent him pictures that first day he knew she was much younger than the 17 years old she purported to be just from her face, but he requested nude photos of her anyway.   From those nude photos, which Simineri received that first day of communications, Simineri also admitted that he knew she was underage. Simineri nonetheless continued to engage in sexual conversations and activity with this child, and continued to request sexually explicit pictures, because he was "horny."   Simineri was shown a hard copy of his chats with Minor #1 from December 5, 2015 to December 27, 2015, and he acknowledged that those were his communications.   Simineri signed the hard copies of the chats to evidence that they were his.

II.     **PROBABLE CAUSE AND THE EVIDENCE IN THIS CASE**

      A.     There is probable cause to believe that the defendant violated 18 U.S.C. §§ 2422(b) and 2251(a) and (e), as outlined in the complaint and warrant that were filed in this case. Both charges carry mandatory minimum terms of incarceration, the most significant of which is a 15 year term. Additionally, a conservative review of Simineri's sentencing guideline range is calculated at 292 to 365 months' imprisonment.

      B.     Pursuant to 18 U.S.C. § 3142(e)(3)(E), the charges also carry a rebuttable presumption that the defendant must be detained.

      C.     The evidence in this case is overwhelming, and includes:

          1.     The recovery of text messages from a Meow Chat account in this defendant's true name in which, among other criminal acts, he also (1) engaged in explicit sexual conversations with the 9 year old victim, (2) sent her naked and sexually explicit photographs of himself, (3) commanded the victim to engage in sex with other children, photograph it, and send them to him, and (4) commanded the victim to masturbate and send videos and photos to him.

          2.     Meow Chat communications which show that the defendant knew the victim was no more than 11 years old when he commanded her to take sexually explicit photographs of herself and send them to him.

          3.     Photographs of the defendant that include his face, the background of which shows that they were taken from his bedroom in his home.

          4.     A search of Simineri's cell phone which confirms the Meow Chat application was installed.

       5.      Subscriber records from various Internet companies that link Simineri to his cell phone and the Meow Chat communications.

       6.      A full confession by Simineri to the charged sexual offenses, after executing a Miranda rights form.

       7.      A hard copy of the sexually explicit chats that evidence his criminal communications with the 9 year old victim, signed by this defendant during his confession.

## III. MAXIMUM PENALTIES

**Use of an Interstate Commerce Facility to Entice a Minor to Engage in Illicit Sexual Conduct, 18 U.S.C. § 2422(b)**
Life imprisonment, with a mandatory minimum 10 year term, a minimum 5 years up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

**Manufacturing Child Pornography, 18 U.S.C. § 2251(a) and (e)**
30 years' incarceration with a mandatory minimum 15 year term, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

**TOTAL MAXIMUM PENALTY**:
Life incarceration, a minimum mandatory 15 year term, a minimum 5 years up to lifetime supervised release, $500,000 in fines, and a $200 special assessment.

## IV. BASIS FOR DETENTION

Defendant Matthew Simineri is 21 years old, single, and has no children. He lives at home with his parents and his two siblings, ages 19 and 15.  He reports employment at a landscaping business, but also assisted his mother at her Rita's Water Ice business in New Jersey.  Simineri has very little assets, with the exception of two cars and an empty lot in his hometown.  He has every has every incentive to flee, knowing the severe and mandatory penalties he faces upon

conviction, which include a 15 year mandatory minimum term, and sentencing guidelines of 292 to 365 months' incarceration.

Of even greater concern, however, is the danger this defendant poses if he is released into the community.   By his own admission, he knew before he ever spoke to this victim that she was a child based on her icon – a picture of a unicorn.   He also admitted that in their first communication, when she sent him a picture of her face, and then of her naked breasts and vagina when he directed her to do so that she was just a child.   He easily controlled this 9 year old girl by making her believe he was in love with her from the very first day of communications, calling her "Babe," telling her she was his girlfriend, and agreeing to marry her.   And he targeted this child for weeks, manipulating, commanding, and ultimately berating this child into committing sex acts with herself, and attempting to have her lure another child into sex acts, all for this defendant's sexual gratification.

These crimes are subject to the Adam Walsh Act which mandates that at a minimum Simineri must be subject to electronic monitoring.   In this case, that is not sufficient to protect the public.   He committed these crimes from the confines of his own bedroom.   There were numerous pieces of electronic and computer equipment found in the home at the time of the execution of the search warrant, including a Smart TV from the defendant's bedroom, a Sony Playstation, a Wii, 4 tablets, and 5 smart phones, as well as laptops and computers from other family members. None of this equipment is capable of being monitored by PreTrial Services. Moreover, his sister, who is just 15 years old, is also living in the home. There is no way to ensure the safety of any minor who may live there, who may come to visit, or who Simineri may find on

his own over the computer or cell phone applications. The Bureau of Prisons is the only guarantee of protection.

## V. CONCLUSION

The defendant is a danger to any child in the community. He committed these acts against a very young child whom he knew was also particularly vulnerable. His continued commission of these very serious crimes against this 9 year old girl for weeks clearly demonstrates that there are no set of conditions that will ensure the safety of the community.

At a minimum, Simineri faces the next 15 years as a mandatory minimum prison term, and sentencing guidelines that call for 292 to 365 months' incarceration. Viewing all of these factors together, it is clear that the defendant cannot rebut the presumption under 18 U.S.C. §§ 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure his presence or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

          Respectfully submitted,

          ZANE DAVID MEMEGER
          United States Attorney

          /s/
          MICHELLE ROTELLA
          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | MAG. NO. 16-624-M |
| **MATTHEW SIMINERI** | : | |

### PRETRIAL DETENTION ORDER

AND NOW, this _____ day of May, 2016, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2422(b) and 2251 (a) and (e), as charged in the federal complaint and warrant. Both charges in the complaint involve mandatory minimum terms of incarceration, the

most significant of which is the 15-year mandatory minimum term.   His sentencing guidelines have been calculated to be 292 to 365 months' imprisonment.

        (b)       The charges in this case also carry a rebuttable presumption that the defendant must be detained.   See 18 U.S.C. § 3142(e)(3)(E).

        (c)       The evidence in this case is overwhelming, and includes:

1. The recovery of text messages from a Meow Chat account in this defendant's true name in which, among other criminal acts, he also (1) engaged in explicit sexual conversations with the 9 year old victim, (2) sent her naked and sexually explicit photographs of himself, (3) commanded the victim to engage in sex with other children, photograph it, and send them to him, and (4) commanded the victim to masturbate and send videos and photos to him.

2. Meow Chat communications which show that the defendant knew she was no more than 11 years old when he commanded her to take sexually explicit photographs of herself and send them to him.

3. Photographs of the defendant that include his face, the background of which shows that they were taken from his bedroom in his home.

4. A search of Simineri's cell phone which confirms the Meow Chat application was installed.

5. Subscriber records from various Internet companies that link Simineri to his cell phone and the Meow Chat communications.

6. A full confession by Simineri to the charged sexual offenses, after executing a written Miranda rights form.

7. A hard copy of the sexually explicit chats that evidence his criminal communications with the 9 year old victim, signed by this defendant during his confession.

(d) The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of 15 years, with sentencing guidelines of 292 to 365 months' incarceration, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE RICHARD A. LLORET
United States Magistrate Court Judge

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by e-filing and email on the following defense counsel:

Kathy Gaughan, Assistant Federal Defender
Kathleen_gaughan@fd.org

  /s/
MICHELLE ROTELLA
Assistant United States Attorney

Date: May 23, 2016.